notes of the Abramowitz Company to defendant and to make available $4,500 in addition to the Abramowitz Company. However, the $4,500 checks issued by plaintiff were never used. Two significant aspects of the trial must be noted. Primarily, both sides were singularly hesitant in making full disclosure about the circumstances under which the parties decided to arrive at their new arrangement regarding the notes of Abramowitz Company. It serves no useful purpose to surmise the cause of such diffidence. Secondly, the defendant claimed that the mortgage and note were void because the Abramowitz brothers had signed the instruments in blank and the body of each instrument was filled in afterwards. The experienced Trial Justice properly rejected that claim as " a fantastic and unbelievable story ". Thus, the record demonstrates that the mortgage was supported by ample consideration and was properly executed. Defendant corporation was controlled by the same persons who owned the Abramowitz Company. John Abramowitz, who indorsed the notes given to plaintiff, was an officer, director and stockholder of both corporations. For whatever reasons the parties may have had, there was a proper contractual basis for defendant to give its mortgage for a transfer of the notes of the Abramowitz Company. The fact that plaintiff filed a claim in the assignment for the benefit of creditors proceedings involving the Abramowitz Company is not inconsistent with the sale of the notes to defendant. Plaintiff was acting for the defendant to protect any of its rights to any distribution in the assignment proceedings, in order to reduce the indebtedness. Consequently, I dissent and would sustain the judgment permitting a foreclosure of the mortgage.

■ MARINO GRIMALDI, Respondent, v. JOHN T. BEAGAN et al., Appellants. — Judgment entered in plaintiff's favor unanimously reversed on the law and the facts, without costs and without disbursements, and, in the exercise of discretion, a new trial is ordered. On this record the verdict of $35,000 is excessive to the point where the judgment entered thereon may not stand. The proof in this case as to damages is so unsatisfactory as to compel us to conclude that the interests of justice require a new trial. The defendant having conceded liability, such new trial should be confined to the issue of damages. In the light of the plaintiff's pre-existing psychiatric condition, additional and more explicit evidence is required to enable an enlightened determination as to the amount of exacerbation, if any, which may be attributed to the accident. We suggest that this might well be a case for the use of the impartial medical panel. Moreover, the proof as to the necessity for surgical procedures was purely speculative and, therefore, should not have been submitted to the jury. Concur — Rabin, J. P., McNally, Eager, Steuer and Staley, JJ.

■ In the Matter of HARRY ROBBINS et al., Doing Business as ROBBINS WINE COMPANY, Respondents, v. STATE LIQUOR AUTHORITY, Appellant.— Appeal from order, entered on March 19, 1965, dismissed as academic, without costs and without disbursements. No opinion. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ In the Matter of HARRY ROBBINS et al., Doing Business as ROBBINS WINE COMPANY, Respondents, v. STATE LIQUOR AUTHORITY, Appellant.— Judgment annulling determinations by State Liquor Authority dated February 26, 1965 which disapproved petitioners' applications for renewal of a wholesale wine license and a winery license, and directing the Authority to issue said licenses, unanimously reversed, on the law, and the determinations of the Authority confirmed, with $50 costs to appellant. A criminal information against Harry Robbins, the sole active partner of petitioners' firm, by the United States Attorney for the Southern District of New York charged Robbins